```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

UNITED STATES OF AMERICA, for
use and benefit of TAB GLASS &
WINDOW CORP.,

        Plaintiff,

v.                              Case No. 8:12-cv-608-T-33TBM

TRAVELERS CASUALTY & SURETY
COMPANY OF AMERICA and HARKINS
DEVELOPMENT CORPORATION,

        Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to the parties' Joint Motion for Extension of Time to Comply with the Court's October 21, 2013 Endorsed Order (Doc. # 39), which was filed on December 5, 2013. (Doc. # 40). For the reasons that follow, the Court denies the Motion.

**Discussion**

On March 21, 2012, Plaintiff United States of America, for use and benefit of Tab Glass & Window Corp., filed a three count Complaint against Harkins Development Corporation and Travelers Casualty & Surety Company of America pursuant to the Miller Act, 40 U.S.C. § 3131. (Doc. # 1). Harkins filed a breach of contract Counterclaim against Tab Glass & Window (Doc. # 22) on September 14, 2012.

The Court filed its Amended Case Management and

Scheduling Order on March 18, 2013, establishing the dispositive motions deadline as July 15, 2013, setting a pretrial conference for November 14, 2013, and placing the case on the Court's December 2013, trial term. (Doc. # 35).

On October 15, 2013, the Court entered an Order directing the parties to file a joint status report because, as of that date, neither party had filed dispositive motions or motions in limine. (Doc. # 36).  In response, the parties filed a status report explaining that they reached a settlement on April 22, 2013. (Doc. # 37).  On the same day, the parties filed a "Stipulation to Stay Action Pending Compliance with Settlement Agreement." (Doc. # 38).  Therein, the parties requested an Order holding the case in abeyance for six months pending Defendants' timely compliance with the April 22, 2013, Settlement Agreement.

On October 21, 2013, the Court entered an Order roundly rejecting the parties' Stipulation as follows:

> According to the parties' Joint Status report [37], they reached a settlement on April 22, 2013. By their Stipulation, the parties request an order staying this case for six months pending Defendants' compliance with the settlement agreement. However, Local Rule 3.08(a) states: "It shall be the duty of all counsel to immediately notify the Court upon the settlement of any case." Among other important objectives, this Local Rule seeks to prevent expenditure of the Court's limited judicial resources on cases that have been resolved and to conserve the Court's resources for cases that are being actively litigated. This Local Rule also safeguards the Court's option to decline to

2

>    retain jurisdiction over cases that have been settled. Here, the parties have violated Local Rule 3.08(a) by failing to "immediately notify" this Court of their settlement on April 22, 2013. The Court declines to stay the case, as requested by the parties. Rather, consistent with Local Rule 3.08(b), this case is hereby **DISMISSED**, without prejudice and subject to the right of the parties, within **SIXTY** (60) days of the date hereof, to submit a stipulated form of final order or judgment, or request an extension of time, should they so choose or for any party to move to reopen the action, upon good cause being shown. After that **SIXTY** (60) day period, however, without further order, this dismissal shall be deemed with prejudice. The Clerk is directed to terminate any previously scheduled deadlines and pending motions, and administratively close the case pending further Order.

(Doc. # 39).

At this juncture, the parties have filed a Joint Motion requesting an extension of the Court's deadline for the dismissal of the case to be deemed with prejudice, until April 15, 2013, "to allow time for Plaintiff to file a motion to reopen the case in the event the [April 7, 2013] payment is not made pursuant to the terms of the settlement agreement." (Doc. # 40 at 2).

The Court denies the Joint Motion because the Court perceives it as an attempted end-run around the Court's October 21, 2013 Order, in which the Court declined to stay the case for a six-month period. When the parties notified the Court that they reached a settlement, the Court entered its 60-day Order and did not incorporate the terms of the

3

settlement into that Order. The Court is under no obligation to retain jurisdiction over a settled case and the Court declines to do so here. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994):

> The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal – either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist. That, however, was not the case here. The judge's mere awareness and approval of the terms of the settlement do not suffice to make them a part of his order.

Id. at 381.

As the parties reached their settlement agreement on April 22, 2013, the Court has already needlessly expended its scarce judicial resources on an amicably resolved matter for over seven months. The Court will continue to preside over this case for the period of time established in the October 21, 2013, 60-day Order. However, after that period, the present Miller Act case will be deemed dismissed with prejudice. In the event that Defendants fail to comply with the settlement agreement, any enforcement action will be left for resolution by the state courts because enforcement of a privately negotiated settlement agreement (which is merely a contract between the parties) requires an independent basis

for federal jurisdiction. <u>Id.</u> at 382.

**ORDERED, ADJUDGED,** and **DECREED:**

The parties' Joint Motion (Doc. # 40) for Extension of Time to Comply with the Court's October 21, 2013, Endorsed Order is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>9th</u> day of December, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Counsel of Record